UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Lyman Holding Company, et al.,                     Chapter 11 Case No. 11-45190

Debtors.[1]                                         (Jointly Administered)

---

**NOTICE OF HEARING AND MOTION FOR ORDER
GRANTING EXPEDITED RELIEF AND AUTHORIZING
DEBTORS TO WIND DOWN THE OPERATIONS
IN WOODINVILLE, WASHINGTON,
TO SELL CERTAIN ASSESTS OUTSIDE THE ORDINARY
COURSE FREE AND CLEAR OF LIENS,
CLAIMS, INTERESTS AND ENCUMBRANCES, AND
TO ESTABLISH ABANDONMENT PROCEDURE**

---

TO:     The Parties in Interest as Specified in Local Rule 9013-3(a)(2).

1.      The above-referenced Debtors move the Court for the relief requested below and give notice of hearing.

2.      The Court will hold a hearing on this motion (the "Wind-Down Motion") at 1:30 p..m. on September 8, 2011, in Courtroom No. 2B, United States Courthouse, 316 North Robert Street, St. Paul, Minnesota.

3.      Local Rule 9006-1(c) provides deadlines for responses to this motion.  However, given the expedited nature of the relief sought, movants do not object to written responses being served and filed 24 hours before the hearing.  **UNLESS A RESPONSE OPPOSING THE**

---

[1]  Jointly administered estates of the following Debtors:  Lyman Holding Company Case No. BKY 11-45190, Lyman Lumber Company Case No. BKY 11-45191, Automated Building Components, Inc. Case No. BKY 11-45192, Building Materials Wholesalers, Inc. Case No. BKY 11-45193, Carpentry Contractors Corp. Case No. BKY 11-45194, Construction Mortgage Investors Co. Case No. BKY 11-45196, Lyman Development Co. Case No. BKY 11-45199, Lyman Lumber Wisconsin, Inc. Case No. BKY 11-45201, Lyman Properties, L.L.C. Case No. BKY 11-45202, Mid-America Cedar, Inc. Case No. BKY 11-45203, Woodinville Lumber, Inc. Case No. BKY 11-45204, Woodinville Construction Services, L.L.C. Case No. BKY 11-45206.

**MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this Wind-Down Motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rules 1070-1 and 1073-1. This is a core proceeding. The petitions commencing the above-captioned chapter 11 cases were filed on August 4, 2011 (the "Filing Date"). The cases are now pending in this Court.

5. The relief sought in this Wind-Down Motion is based upon 11 U.S.C. §§ 105(a), 363, and 541, and Local Rules 9013-1 through 3. The Debtors move the Court for an order allowing them to wind-down the operations of certain unprofitable locations that are not subject to the previously-filed Sale Motion, and to sell the non-real estate assets associated with those locations.[2]

**BACKGROUND RELEVANT TO THIS MOTION**

6. On the Filing Date, each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code ("Bankruptcy Code"). The Debtors have continued in possession of their respective assets and the management of their business as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

7. As was addressed in the Debtors' Sale Motion [docket no. 19] (the "Sale Motion"), the Debtors intend to sell a majority of Debtors' assets through an auction process. That said, the Asset Purchase Agreement ("APA") at issue in Sale Motion does not address all of Debtors' assets.

8. Not included in the Sale Motion are the assets of Debtors Woodinville Lumber, based in the Puget Sound Basin and western Washington, and Woodinville Construction

---

[2] The Debtors intend to bring a separate motion to assume a Real Estate Purchase Agreement that covers the sale of real property owned by Debtor Woodinville Lumber, LLC.

Services, L.L.C., also in Washington state (together the "Woodinville Entities"). The Woodinville Entities' operations include Tri-County Truss, which is not a separate corporate entity, but is part of Woodinville Lumber. Steel Partners, the stalking horse buyer identified in the APA, is not interested in acquiring the assets of the Woodinville Entities. In addition, despite extensive marketing efforts, the Debtors currently have no other buyers interested in acquiring the Woodinville Entities on a going-concern basis at a price comparable to the projected proceeds recoverable through a liquidation.

9.     The Woodinville Entities have been a financial drain on the other Debtors and the Debtors have determined that the Woodinville Entities cannot be restructured. The Debtors and their consultants have thoroughly analyzed the Woodinville Entities and based on that analysis, have determined in their business judgment that it is best if the Woodinville Entities wound down operations and their assets liquidated. While the Debtors may not require Court approval to stop taking new work and let employees go, in an effort to be completely transparent about the process they have undertaken, the Debtors bring this motion to alert all parties to the wind-down of the Woodinville Entities. Moreover, the Debtors do require and by this motion request Court authorization to sell the non-real estate assets of the Woodinville Entities, and to abandon any unsold assets pursuant to the proposed abandonment procedure set forth below.

10.     In terms of the steps taken to wind down operations, on August 5, 2011, the Woodinville Entities gave notice to their largest customer Quadrant that they would no longer start any new jobs as of August 15, 2011. On August 8, 2011, the Woodinville Entities gave notice to all other customers that they would not start any new jobs. The Woodinville Entities are using existing inventory to complete the jobs they have already accepted, with a final completion date projected to be in early September 2011. The Woodinville Entities have a

schedule showing the workforce reductions slated to take place each week in August as operations wind down and the remaining customer jobs are completed. And the Woodinville Entities propose to sell their non-real estate assets once operations have ceased. To that end, along with this Wind-down Motion, the Debtors have filed an application to employ Hilco Industrial, LLC – professional auctioneers, liquidators, and appraisers – to assist with the sale process [docket no. 147]. The Debtors anticipate that Hilco will hold an online auction in early October to sell the non-real property assets of the Woodinville Entities.

11.     The Debtors and their consultants have done a financial analysis of Woodinville Entities' assets and what those assets are projected to net in a liquidation. That analysis is attached hereto as <u>Exhibit A</u>. For Woodinville Lumber, that analysis projects that Woodinville Lumber will collect approximately $7.186 million from August through November through a liquidation of its assets, and projects that the liquidation and wind-down costs will be approximately $2.145 million, netting Woodinville Lumber approximately $5 million. This analysis does not include any proceeds from the sale of real property. The categories of assets include equipment and automotives, furniture and fixtures, inventory, collection of pre-petition receivables, and collection of Debtor-in-possession receivables.

12.     For Woodinville Construction, the categories of assets are similar, and does not include any proceeds from the sale of real property. The analysis projects that Woodinville Construction will collect approximately $241,500 for a liquidation of its assets from August through November, and projects that the liquidation and wind-down costs will be approximately $373,000, resulting in a loss of approximately $132,000.

13.     Liquidating the Woodinville Entities' assets quickly and efficiently through an auction run by Hilco will benefit the estates by shutting off the financial drain associated with the

Woodinville Entities. Debtors propose to use the proceeds of a sale as set forth in the Waterfall Analysis attached as Exhibit B to the J. Hajek Declaration [docket no. 133].

14.     The Debtors believe the vast majority of the non-real estate assets will be sold through an online auction at or above the price they anticipate receiving (as set forth in the Waterfall Analysis attached as Exhibit B to the J. Hajek Declaration [docket no. 133]). Thus, by this Motion, Debtors seek permission both to hold the auction, run by Hilco, and for permission to accept any offer made at the auction that they determine, in their business judgment, to be fair and reasonable without further order of the Court.

15.     The proposed sale of the assets of the Woodinville Entities will be a sale free and clear of all liens, claims, interests and encumbrances.

## PROPOSED ABANDONMENT PROCEDURE

16.     To the extent that any assets remain unsold after the Hilco auction, the Debtors propose to use the following procedure: If the Debtors, in their business judgment, determine that it is in their best interests to abandon any such asset, rather than shipping it to Minnesota or paying for storage in Washington state, the Debtors will file a Notice of Intent to Abandon Property, which shall set forth with reasonable specificity, the asset(s) to be abandoned. Any interested party may object to the Notice of Intent to Abandon within five days after such Notice has been filed and served, in which case a hearing would be scheduled. If, however, no party files an objection to the Notice of Intent to Abandon, then Debtors propose that they be permitted to abandon such property without further notice or order from the Court.

## NEED FOR EXPEDITED RELIEF

17.     The auction is slated to occur the first week of October. The timing of this is driven by the fact that the Debtors are in a seasonal business, and if the auction were to occur

later in the fall, the auction would not be as successful.  Early October is the latest the Debtors

wish to hold the auction.  But Hilco requires three to four weeks to prepare for and market the

auction.  Therefore, in order to maximize the return to the estates from the auction, every day is

critical and work on the auction must be begin immediately.  The Debtors therefore request an

expedited hearing on this motion.  Because the Debtors believe that the auction will achieve the

highest return for the estates, and because unsecured creditors benefit from maximizing the value

of the Debtors' businesses, no party in interest is harmed by the Court expediting relief.

## REQUEST FOR RELIEF UNDER BANKRUPTCY RULES 6004(g) AND 6006(d)

18.     Bankruptcy Rules 6004(h) and 6006(d) provide, in substance, that an order

authorizing the sale of a debtor's property or assumption/rejection of a lease or contract is stayed

for a period of 14 days after entry of the order unless the court orders otherwise.  The Debtors

request that any order approving the relief requested herein be effective immediately, by

providing that the 14 day stay is inapplicable.  The Debtors' need to effectuate the asset

disposition transaction(s) described herein without waiting the period provided for under

Bankruptcy Rules 6004(h) and 6006(d).  The failure to consummate the transactions

expeditiously likely will have a significant adverse affect on the value to be realized upon the

disposition of the assets at issue.  In addition, the Debtors' liquidity concerns also compel the

Debtors to effectuate the transaction as expeditiously as possible to insure that it will have

sufficient funds available to administer these cases.

## CONCLUSION

19.     Pursuant to Local Rule 9013-2(a), this Wind-Down Motion is accompanied by a

memorandum of law, proposed orders, and proof of service.

20.     Pursuant to Local Rule 9013-2(c), Debtors give notice that they may, if necessary,

call James E. Hurd, President and CEO of the Debotors and/or Dale Carlson, Senior Vice

President, whose business address is 300 Morse Avenue, Excelsior, MN 55301, about the factual matters raised in and relevant to this Wind Down Motion.

WHEREFORE, the Debtors respectfully request that the Court enter an order:

A.   Authorizing the Debtors to sell the Woodinville Entities' non-real property assets, free and clear of all liens, claims, interests and encumbrances which liens, claims, interests and encumbrances will attach to the proceeds of sale in the same order and priority that existed at the commencement of the case;

B.   With regard to any assets that do not sell, to abandon such assets pursuant to the procedure outlined above; and

C.   Granting such other and further relief as the Court may deem just and equitable.

FREDRIKSON & BYRON, P.A.

Dated:  September 2, 2011

*/e/Cynthia A. Moyer*
James L. Baillie (#3980)
Cynthia A. Moyer (#211229)
Douglas W. Kassebaum(#386802)
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone (612) 492-7000
Fax (612) 492-7077
jbaillie@fredlaw.com
cmoyer@fredlaw.com
dkassebaum@fredlaw.com

ATTORNEYS FOR DEBTORS

4967115.DOC

**VERIFICATION**

I, James E. Hurd, am the President and CEO of the Debtors. Based upon my personal information and belief, I declare under penalty of perjury that the facts set forth in the preceding Motion are true and correct, according to the best of my knowledge, information and belief.

Dated: September __, 2011

Signed: _____
James E. Hurd

**EXHIBIT A**

1 **Woodinville Lumber**
2 **Non-Core Bank Group Assets**
3 **Liquidation Summary**

| | Assumptions | M/E Jun-11 | M/E Jul-11 | M/E Aug-11 | M/E Sep-11 | M/E Oct-11 | M/E Nov-11 | M/E Dec-11 |
|---|---|---|---|---|---|---|---|---|
| 6 **Liquidation Cash Proceeds** | | | | | | | | |
| 18 Sale of Real Estate | | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 19 Sale of Equipment and Automotive (GFLV) | 75% | | | | | 1,661,175 | | |
| 20 Sale of Furniture and Fixtures | 15% | | | | | | | |
| 21 Sale of Inventory | 50% | | | | | 295,000 | | |
| 22 Collection of Pre-petition Receivables | 90% | | | 2,694,383 | 538,877 | 359,251 | | |
| 25 Sale of OREO | 50% | | | | | | | |
| 26 Sale of A/R | | | | | | | | |
| 27 DIP Period Collections | 95% | | | | 1,228,653 | 245,731 | 163,820 | |
| 28 **Total Liquidation Cash Proceeds** | | **0** | **0** | **2,694,383** | **1,767,530** | **2,561,157** | **163,820** | **0** |
| 29 **Liquidation Cash Disbursements** | | | | | | | | |
| 30 Wind Down Expenses | | | | | | | | |
| 31 Equipment Transaction Costs | 10% | 0 | 0 | 0 | 0 | 166,118 | 0 | 0 |
| 32 Real Estate Transaction Costs | 7% | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 33 Professional Fees | | | | | | | | |
| 34 US Trustee | | | | | | | | |
| 35 Inventory Purchases | | | | 587,874 | | | | |
| 36 Employee Costs | | | | 676,652 | 205,477 | 99,156 | | |
| 37 Property and Sales Taxes | | | | | | | | |
| 38 Utilities | | | | 54,280 | 26,799 | | | |
| 39 Insurance | | | | 79,923 | 78,868 | | | |
| 40 Fees | | | | 23,818 | | | | |
| 41 Office & Yard | | | | 39,102 | 12,762 | | | |
| 42 Travel & Entertainment | | | | 7,594 | | | | |
| 43 Other Operating | | | | | | | | |
| 44 Vehicle and Property | | | | 65,919 | 21,473 | | | |
| 45 **Total Wind Down Expenses** | | **0** | **0** | **1,535,160** | **345,379** | **265,273** | **0** | **0** |
| 55 Claims | | | | | | | | |
| 56 Unfunded Liability | | | | | | | | |
| 57 Trade Payables and Accrued Expenses | | | | | | | | |
| 66 LOC Distribution | | | | | | | | |
| 67 **Total Claims** | | **0** | **0** | **0** | **0** | **0** | **0** | **0** |
| 68 **Total Liquidation Cash Disbursements** | | **0** | **0** | **1,535,160** | **345,379** | **265,273** | **0** | **0** |
| 69 **Change in Cash** | | **0** | 0 | 1,159,222 | 1,422,151 | 2,295,883 | 163,820 | 0 |
| 70 **Cash Beginning Balance** | | 0 | 0 | 0 | 1,159,222 | 2,581,373 | 4,877,256 | 5,041,077 |
| 71 **Cash Ending Balance** | | 0 | 0 | 1,159,222 | 2,581,373 | 4,877,256 | 5,041,077 | 5,041,077 |

**Woodinville Construction**
**Non-Core Bank Group Assets**
**Liquidation Summary**

| | Assumptions | M/E Jun-11 | M/E Jul-11 | M/E Aug-11 | M/E Sep-11 | M/E Oct-11 | M/E Nov-11 | M/E Dec-11 |
|---|---|---|---|---|---|---|---|---|
| **Liquidation Cash Proceeds** | | | | | | | | |
| Sale of Real Estate | | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Sale of Equipment and Automotive (GFLV) | 75% | | | | | | | |
| Sale of Furniture and Fixtures | 15% | | | | | | | |
| Sale of Inventory | 50% | | | | | 19,638 | | |
| Collection of Pre-petition Receivables | 90% | | | | | | | |
| Sale of OREO | 50% | | | | | | | |
| Sale of A/R | | | | | | | | |
| DIP Period Collections | 95% | | | | 166,407 | 33,281 | 22,188 | |
| **Total Liquidation Cash Proceeds** | | **0** | **0** | **0** | **166,407** | **52,919** | **22,188** | **0** |
| **Liquidation Cash Disbursements** | | | | | | | | |
| Wind Down Expenses | | | | | | | | |
| Equipment Transaction Costs | 10% | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Real Estate Transaction Costs | 7% | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Professional Fees | | | | | | | | |
| US Trustee | | | | | | | | |
| Inventory Purchases | | | | | | | | |
| Employee Costs | | | | 190,076 | 57,323 | | | |
| Property and Sales Taxes | | | | | | 19,347 | | |
| Utilities | | | | 7,241 | | | | |
| Insurance | | | | 29,903 | | | | |
| Fees | | | | 3,800 | | | | |
| Office & Yard | | | | 31,909 | | | | |
| Travel & Entertainment | | | | 2,430 | | | | |
| Other Operating | | | | 21,648 | | | | |
| Vehicle and Property | | | | 10,225 | | | | |
| **Total Wind Down Expenses** | | **0** | **0** | **297,232** | **57,323** | **19,347** | **0** | **0** |
| Claims | | | | | | | | |
| Unfunded Liability | | | | | | | | |
| Trade Payables and Accrued Expenses | | | | | | | | |
| LOC Distribution | | | | | | | | |
| **Total Claims** | | **0** | **0** | **0** | **0** | **0** | **0** | **0** |
| **Total Liquidation Cash Disbursements** | | **0** | **0** | **297,232** | **57,323** | **19,347** | **0** | **0** |
| **Change in Cash** | | **0** | **0** | **(297,232)** | **109,084** | **33,572** | **22,188** | **0** |
| **Cash Beginning Balance** | | 0 | 0 | 0 | (297,232) | (188,148) | (154,576) | (132,388) |
| **Cash Ending Balance** | | 0 | 0 | (297,232) | (188,148) | (154,576) | (132,388) | (132,388) |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Lyman Holding Company, et al.,                    Chapter 11 Case No. 11-45190

Debtors.[1]                                        (Jointly Administered)

---

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER
GRANTING EXPEDITED RELIEF AND AUTHORIZING DEBTORS
TO WIND DOWN THE OPERATIONS IN WOODINVILLE, WASHINGTON,
INCLUDING TO SELL CERTAIN ASSESTS OUTSIDE
THE ORDINARY COURSE FREE AND CLEAR OF LIENS,
CLAIMS, INTERESTS AND ENCUMBRANCES**

---

Debtors submits this Memorandum of Law in support of their Wind-Down Motion.

Debtors hope to sell the majority of their assets, as described in the Sale Motion. Debtors now

request Court approval to sell the non-real property remaining assets, which are associated with

Debtors Woodinville Lumber, Inc. and Woodinville Construction Services, L,L.C., free and clear

of all claims, liens, interests and encumbrances.

## BACKGROUND

The facts in support of the relief requested are set forth in the verified Wind-Down

Motion. All capitalized terms have the meaning ascribed to them in the Wind-Down Motion.

---

[1] Jointly administered estates of the following Debtors: Lyman Holding Company Case No. BKY 11-45190,
Lyman Lumber Company Case No. BKY 11-45191, Automated Building Components, Inc. Case No. BKY 11-
45192, Building Materials Wholesalers, Inc. Case No. BKY 11-45193, Carpentry Contractors Corp. Case No. BKY
11-45194, Construction Mortgage Investors Co. Case No. BKY 11-45196, Lyman Development Co. Case No. BKY
11-45199, Lyman Lumber Wisconsin, Inc. Case No. BKY 11-45201, Lyman Properties, L.L.C. Case No. BKY 11-
45202, Mid-America Cedar, Inc. Case No. BKY 11-45203, Woodinville Lumber, Inc. Case No. BKY 11-45204,
Woodinville Construction Services, L.L.C. Case No. BKY 11-45206.

# <u>ARGUMENT</u>

## I.    CAUSE EXISTS FOR EXPEDITED RELIEF.

Debtors request expedited relief on the motion. Bankr. Rule 2002(a)(2) provides that a motion for the sale of property outside the ordinary course requires twenty-one days notice to parties in interest. That same rule provides, however, that the court may "for cause" shorten the time. Cause exists here to grant the motion on an expedited basis. The on-line auction organized by Hilco will be held the first week in October. That timing is critical because the Debtors are in a seasonal business. If the auction were to occur later in the fall, the auction would not be as successful. Consequently, the Debtors wish to hold the auction in early October at the latest. But Hilco requires at least three to four weeks lead time to prepare for and market the auction in order to maximize the return from the auction. As a result, work needs to begin immediately to prepare for the auction, and thus, cause exists to expedite the hearing on this matter.

## I.    THE SALE OF THE WOODINVILLE ENTITIES' ASSETS IS IN THE BEST INTERESTS OF THE DEBTORS' ESTATES

Bankruptcy Code section 363(b)(1) provides that the debtor-in-possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). To approve the use of property outside of the ordinary course of business, the court need determine only that the debtors' decision is supported by some articulated business justification. <u>Four B v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)</u>, 107 F.3d 558, 567 (8th Cir. 1997); <u>Fulton State Bank v. Schipper (In re Schipper)</u>, 933 F.2d 513, 515 (7th Cir. 1991). When applying the business judgment rule, the courts give deference to the debtor's decision making. <u>In re Schipper</u>, 933 F.2d at 515.

Here, the Debtors have determined, after careful evaluation, that sale, through an auction, of the Woodinville Entities' assets, as the last step in a wind-down of those operations, is in the best interest of the estates. The proposed sale is supported by sound business justifications. The

Debtors and their advisors have done an analysis of what a liquidation will bring, net of costs. The projected amount is higher than any bid Debtors have received for the assets. Thus, the process proposed by Debtors to market and sell the assets, with the assistance of a broker, will maximize the value of the Woodinville Entities' assets by ensuring that the highest price is realized, while minimizing the costs associated with the sale.

## II. THE COURT SHOULD APPROVE THE SALE FREE AND CLEAR OF LIENS

Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (i) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (ii) such entity consents;
>
> (iii) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of such interest;
>
> (iv) such interest is in bona fide dispute; or
>
> (v) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

Any one of the five conditions, including the "consent" of the lienholders, provides authority to sell free and clear of liens. *Citicorp Homeowners Services, Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988). To the extent a secured creditor or lienholder that receives notice does not file a written objection to the motion, such party should be deemed to have consented to the sale. *In re Shary,* 152 B.R. 724, 725-26 (Bankr. N.D. Ohio 1993).

Debtors believe that each of the secured creditors with an interest in the Woodinville Entities' assets will consent to such a sale here. Moreover, since the commencement of the case, the secured creditors have encouraged Debtors' efforts to realize the highest value for its assets. Thus, Debtors believes that the secured creditors will consent to the sale. In any event, the sale

of the Woodinville Entities' assets may occur over their objections, or any other secured creditor's objection, so long as their respective liens attached to the sale proceeds, which is what the Debtors are proposing.

## III. THE DEBTORS SHOULD BE PERMITTED TO ABANDON ANY ASSSETS THAT DO NOT SELL AT THE AUCTION PURSUANT TO THE PROPOSED ABANDONMENT PROCESS

Lastly, the Debtors seek authority to abandon any equipment or other asset to the party secured in such equipment or asset pursuant to section 554 of the Bankruptcy Code. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." Id. Section 554(a) thus requires two showings. First, the property to be abandoned must be property of the estate. See 11 U.S.C. §§ 541 and 554. Second, the property to be abandoned must be burdensome or of inconsequential value or benefit to the debtor's estate. See In re Franklin Signal Corp., 65 B.R. 268, 270 (Bankr. D. Minn. 1986); In re Gibson, 218 B.R. 900, 904 (Bankr. E.D. Ark. 1997); In re Grossinger's Assocs., 184 B.R. 429, 432 (Bankr. S.D.N.Y. 1995). Moreover, the debtor in possession is afforded significant discretion in determining the value and benefits of particular property for the purposes of the decision to abandon it. In re Neill, Case No. 88-1081-WH, 1989 WL 1681501, *1 (Bankr. S.D. Iowa 1989) ("Abandonment is in the trustee's discretion, subject only to that of the court."); In re Interpictures, Inc., 168 B.R. 526, 535 (Bankr. E.D.N.Y. 1994) ("abandonment is in the discretion of the trustee, bounded only by that of the court"). Debtors in possession have the same rights as trustees to abandon property of their estates. 11 U.S.C. § 1107(a); see, e.g., South Chicago Disposal, Inc. v. LTV Steel Co., Inc. (In re Chateaugay Corp.), 130 B.R. 162, 166 (S.D.N.Y. 1991) (debtor in possession permitted to abandon property under section 554(a)). "Courts defer to the trustee's judgment and place the burden on the party opposing the abandonment to prove a benefit to the estate and an abuse of the trustee's discretion." In re

Slack, 290 B.R. 282, 284 (Bankr. N.J. 2003). This right to abandon exists so that "burdensome property" can be removed and "the best interests of the estate" will be furthered. In re Chateaugay Corp., 130 B.R. at 166 (quoting In re New York Investors Mutual Group, Inc., 143 F. Supp. 51, 54 (S.D.N.Y. 1956)). Furthermore, section 105(a) of the Bankruptcy Code provides the "[t]he court may issue an order, process, or judgment that is necessary and appropriate to carry out the provisions of [the Bankruptcy Code]." Lastly, Bankruptcy Rule 6007 sets forth the procedures for abandoning burdensome assets, which have been incorporated into the Wind-down Motion.

Here, the Debtors anticipate that the vast majority of the Woodinville Entities' assets will be sold in the online auction. To the extent any asset is not sold, however, and the Debtors determine in their business judgment that abandonment is in their best interests, the Debtors propose to adopt the following process: the Debtors will serve and file a Notice of Intent to Abandon Property, which shall specifically identify the asset(s) at issue, and if no party in interest objects within five days after the filing of the Notice of Intent to Abandon, then Debtors may abandon the property without further notice or action. If, however, any party in interest objects to the proposed abandonment, then the Debtors shall set the matter on for hearing.

## <u>CONCLUSION</u>

For the foregoing reasons, the Debtors request that the Court grant the relief requested in the Wind-Down Motion.

Respectfully submitted,

FREDRIKSON & BYRON, P.A.

Dated:  September 2, 2011

*/e/ Cynthia A. Moyer*
James L. Baillie (#3980)
Cynthia A. Moyer (#211229)
Douglas W. Kassebaum(#386802)
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone (612) 492-7000
Fax (612) 492-7077
jbaillie@fredlaw.com
cmoyer@fredlaw.com
dkassebaum@fredlaw.com

ATTORNEYS FOR DEBTORS

4967403_1.DOC

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Lyman Holding Company, et al.,

Debtors.[1]

Chapter 11 Case No. 11-45190

(Jointly Administered)

---

## CERTIFICATE OF SERVICE

Cynthia A. Moyer, under penalty of perjury, states that on September 2, 2011, she caused to be served the following:

1.      Notice of Hearing and Motion for Order Granting Expedited Relief and Authorizing Debtors to Wind down the Operations in Woodinville, Washington, to Sell Certain Assets Outside the Ordinary Course Free and Clear of Liens, Claims Interests and Encumbrances, and to Establish Abandonment Procedure;

2.      Memorandum in Support of Motion for Order Granting Expedited Relief and Authorizing Debtors to Wind down the Operations in Woodinville, Washington, to Sell Certain Assets Outside the Ordinary Course Free and Clear of Liens, Claims Interests and Encumbrances, and to Establish Abandonment Procedure;

3.      Proposed Order;  and

4.      Certificate of Service

by sending true and correct copies via ECF, e-mail, or US mail to the parties on the attached service list.


Dated:  September 2, 2011                    _/e/ Cynthia A. Moyer_____
                                             Cynthia A. Moyer

---

[1]  Jointly administered estates of the following Debtors: Lyman Holding Company Case No. BKY 11-45190, Lyman Lumber Company Case No. BKY 11-45191, Automated Building Components, Inc. Case No. BKY 11-45192, Building Materials Wholesalers, Inc. Case No. BKY 11-45193, Carpentry Contractors Corp. Case No. BKY 11-45194, Construction Mortgage Investors Co. Case No. BKY 11-45196, Lyman Development Co. Case No. BKY 11-45199, Lyman Lumber Wisconsin, Inc. Case No. BKY 11-45201, Lyman Properties, L.L.C. Case No. BKY 11-45202, Mid-America Cedar, Inc. Case No. BKY 11- 45203, Woodinville Lumber, Inc. Case No. BKY 11-45204, Woodinville Construction Services, L.L.C. Case No. BKY 11-45206.

1

Lyman Holding Company and Related Debtors
Main Case: Bky No. 11-45190
SERVICE LIST
Served via U.S. Mail except those parties whose contact information includes an e-mail address were served via ECF or e-mail.

| | | |
|---|---|---|
| ***US Trustee and Other Required Parties*** | Washington County Treasurer<br>PO Box 200<br>Stillwater MN 55082-0200 | ***Official Committee of Unsecured Creditors*** |
| *U.S. Trustee*<br>Sarah J. Wencil<br>U.S. Trustee's Office<br>1015 US Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415<br>Sarah.J.Wencil@usdoj.gov | ND Department of Revenue<br>600 E Boulevard Ave<br>Bismarck ND 58505-0000 | Connie A. Lahn, Esq.<br>Lorie A. Klein, Esq.<br>David E. Runck, Esq.<br>Fafinski Mark & Johnson, P.A.<br>400 Flagship Corporate Center<br>775 Prairie Center Drive<br>Eden Prairie, MN 55344<br>Connie.Lahn@fmjlaw.com<br>Lorie.Klein@fmjlaw.com<br>David.Runck@fmjlaw.com |
| IRS District Counsel<br>380 Jackson St, Ste 650<br>St Paul MN 55101-4804 | IA Department of Revenue<br>Hoover State Office Building<br>1305 E Walnut<br>Des Moines IA 50319-0000 | |
| Internal Revenue Service<br>Wells Fargo Place<br>30 E 7th St, Mail Stop 5700<br>St Paul MN 55101 | Hennepin County Treasurer<br>300 S Sixth St, A-600<br>Minneapolis MN 55487-0060 | ***Major Secured Creditors***<br>Bluelinx Corporation<br>4300 Wildwood Pkwy<br>Atlanta GA 30339-0000 |
| MN Department of Revenue<br>Collection Enforcement<br>551 Bky Section - PO Box 64447<br>St. Paul MN 55164-0000 | Barron County Treasurer<br>330 E LaSalle Ave Rm 2412<br>Barron WI 54812-0000 | Lumbermens Merchandising Corp.<br>c/o Lucian B. Murley<br>Saul Ewing LLP<br>222 Delaware Avenue, Suite 1200<br>Wilmington, DE 19899<br>lmurley@saul.com |
| Internal Revenue Service<br>Special Procedures Branch<br>389 US Courthouse 316 N Robert<br>St. Paul MN 55101-0000 | Washington County Treasurer<br>432 E Washington St<br>West Bend WI 53095-0000 | |
| US Attorney<br>600 US Courthouse<br>300 S Fourth St<br>Minneapolis MN 55415 | Stearns County Treasurer<br>705 Courthouse Square<br>Room 148<br>Saint Cloud MN 56303-0000 | TCF National Bank<br>c/o Steven W. Meyer, Esq.<br>Rebecca G. Sluss, Esq.<br>Oppenheimer, Wolff & Donnelly<br>Plaza VII, Suite 3300<br>45 South Seventh Street<br>Minneapolis, MN 55402<br>smeyer@oppenheimer.com<br>rsluss@oppenheimer.com |
| Minnesota Department of Economic Security<br>332 Minnesota St, Ste E200<br>St. Paul MN 55101-1351 | ***Debtors*** | |
| Eau Claire County Treasurer<br>721 Oxford Avenue<br>Eau Claire WI 54703 | Lyman Holding Company<br>Lyman Lumber Company<br>Automated Building Components, Inc.<br>Building Materials Wholesalers, Inc.<br>Carpentry Contractors Corp.<br>Construction Mortgage Investors Co.<br>Lyman Development Co.<br>Lyman Lumber of Wisconsin, Inc.<br>Lyman Properties, L.L.C.<br>Mid-America Cedar, Inc.<br>Woodinville Lumber, Inc.<br>Woodinville Construction Services, L.L.C.<br>c/o Jim Hurd<br>300 Morse Avenue<br>Excelsior, MN 55331<br>jim_hurd@lymanlumber.com | US Bank, N.A.<br>c/o John R. McDonald, Esq.<br>Marcus A. Ploeger, Esq.<br>Briggs & Morgan, P.A.<br>2200 IDS Center<br>80 South 8th St.<br>Minneapolis, MN 55402<br>jmcdonald@briggs.com<br>mploeger@briggs.com |
| Scott County Treasurer<br>200 Fourth Ave W<br>Shakopee MN 55379-0000 | | |
| Milwaukee County Treasurer<br>901 N 9th St Room 102<br>Milwaukee WI 53233-0000 | | Wells Fargo Bank, N.A.<br>c/o Michael R. Stewart, Esq.<br>Colin F. Dougherty, Esq.<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>mstewart@faegre.com<br>cdougherty@faegre.com |
| Isanti County Treasurer<br>555 - 18th Ave SW<br>Cambridge MN 55008-0000 | | |
| Wright County Treasurer<br>10 Second St NW<br>Buffalo MN 55313-0000 | | |
| WI Department of Revenue<br>5-77 Mail Stop<br>PO Box 8902<br>Madison WI 53708-0000 | | |

4984309_1.DOC

**_Interested Parties_**

SP Asset Management
c/o Donald E. Rothman, Esq.
Steven E. Fox, Esq.
Brett J. Nizzo, Esq.
Riemer & Braunstein LLP
Seven Times Square, Suite 2506
New York, NY 10036
DRothman@riemerlaw.com
sfox@riemerlaw.com
bnizzo@riemerlaw.com

SP Asset Management
c/o Jeffrey W. Jones, Esq.
Paul L. Ratelle, Esq.
Fabyanske, Westra, Hart & Thomson,
P.A.
800 LaSalle Plaza, Ste 1900
Minneapolis, MN 55402
jjones@fwhtlaw.com
pratelle@fwhtlaw.com

Western Conf of Teamsters
Pension Trust
2323 Eastlake Ave E
Seattle WA 98102-0000

Debt Acquisition Group, LLC
Craig A. Loren
10 Rockefeller Plaza, Suite 601
N.Y., NY 10020
aloren@debtacq.com

Ronan Kennedy
Lee Hansen
Meriturn Partners, LLC
ronan@meriturn.com
lee@meriturn.com

Bryan Tolles
BlackEagle Partners
btolles@blackeaglepartners.com

ITW Bldg. Components Group Inc
13389 Lakefront Dr.
Earth City, MO 63045
kruff@itwbcg.com

Guardian Building Products Distribution,
Inc.
c/o Timothy J. Prindiville
Nilsson Law Offices, P.A.
900 Flour Exchange Building
310 Fourth Avenue South
Minneapolis, Minnesota 55415
tim.prindiville@nilssonlaw.com

Patrick M. Sneed
Davis, Pickren, Seydel & Sneed, LLP
285 Peachtree Center Avenue N.E.
2300 Marquis II Tower
Atlanta, GA 30303
psneed@dpsslegal.com

Pension Benefit Guaranty Corporation
c/o Jon Chatalian, Esq.
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, DC 20005-4026
chatalian.jon@pbgc.gov
efile@pbgc.gov

Sierra Pacific Industries
c/o Gordon B. Conn, Jr.
Kalina, Wills, Gisvold & Clark
6160 Summit Drive, Suite 560
Minneapolis, MN 55430
conn@kwgc-law.com

Minnetonka Public Schools District 276
c/o Monica Clark
Dorsey & Whitney
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
clark.monica@dorsey.com

Central States, Southeast and
Southwest Areas Pension Fund
c/o David L. Mitchell
Robins, Kaplan, Miller & Ciresi
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
dlmitchell@rkmc.com

Central States Law Dept.
c/o Timothy C. Reuter, Esq.
9377 West Higgins Rd
Rosemont, IL 60018
treuter@centralstates.org

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Lyman Holding Company, et al.,

Debtors.[1]

Chapter 11 Case No. 11-45190

(Jointly Administered)

## ORDER GRANTING EXPEDITED RELIEF AND
## AUTHORIZING DEBTORS TO WIND DOWN
## THE OPERATIONS IN WOODINVILLE, WASHINGTON,
## INCLUDING TO SELL CERTAIN ASSESTS OUTSIDE
## THE ORDINARY COURSE FREE AND CLEAR OF LIENS,
## CLAIMS, INTERESTS AND ENCUMBRANCES

This matter came before the undersigned United States Bankruptcy Judge on Debtors'

Wind-Down Motion for an order authorizing them to sell the assets of the Woodinville Entities.

Based on the Motion and the documents of record herein,

IT IS HEREBY ORDERED:

1.      The Debtors' request for expedited relief is granted.

2.      The Debtors are authorized to take such steps as are necessary to sell the

Woodinville Entities' non-real property assets.

3.      Pursuant to Section 363(f) of the Bankruptcy Code, the Woodinville Entities'

non-real property assets shall be sold free and clear of any and all liens, claims, interests and

encumbrances, which such Liens to attach to any amounts payable to the Debtors resulting from

such sales, subject to any and all defenses, claims, and/or counter-claims or set-offs that may

exist.  If any non-real property assets remain unsold after the sale process, Debtors are authorized

---

[1]  Jointly administered estates of the following Debtors:  Lyman Holding Company Case No. BKY 11-45190,
Lyman Lumber Company Case No. BKY 11-45191, Automated Building Components, Inc. Case No. BKY 11-
45192, Building Materials Wholesalers, Inc. Case No. BKY 11-45193, Carpentry Contractors Corp. Case No. BKY
11-45194, Construction Mortgage Investors Co. Case No. BKY 11-45196, Lyman Development Co. Case No. BKY
11-45199, Lyman Lumber Wisconsin, Inc. Case No. BKY 11-45201, Lyman Properties, L.L.C. Case No. BKY 11-
45202, Mid-America Cedar, Inc. Case No. BKY 11-45203, Woodinville Lumber, Inc. Case No. BKY 11-45204,
Woodinville Construction Services, L.L.C. Case No. BKY 11-45206.

to follow the abandonment procedure set forth in the Wind-Down Motion with regard to those remaining assets.

Dated:_____

_____
Dennis D. O'Brien
United States Bankruptcy Judge

4967405_1.DOC